IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED KING FILM DISTRIBUTION (1990) LTD et al., <br><br> Plaintiffs, <br><br> v. <br><br> MOONPAY USA LLC, <br><br> Defendant. | CASE NO. 1:24-cv-24955 <br><br> JUDGE JACQUELINE BECERRA |

**DEFENDANT MOONPAY USA LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' THIRD MOTION TO EXTEND DISCOVERY DEADLINE**

Defendant MoonPay USA LLC ("MoonPay") hereby respectfully submits its Response in Opposition to Plaintiffs' Motion to Extend Discovery Deadline (ECF #71, the "Motion") as follows.

**INTRODUCTION**

Plaintiffs' Motion represents their third attempt to prolong the discovery period. (ECF #49, #51, #71.) Plaintiffs have already received a one-month extension of the original deadline, from September 22 to October 22. (ECF #66.) MoonPay produced all information that the parties agreed should be produced weeks before the extended discovery cutoff. Yet on the eve of the October 22 deadline—despite having had eight months to pursue discovery after the Court entered its Scheduling Order (ECF #37)—Plaintiffs demanded even more information that they had not previously pursued. Plaintiffs now seek to extend the discovery cutoff to November 12, just over a week before the November 21 dispositive motion deadline, which the Court has repeatedly said it will not change absent "extraordinary circumstances." Worse, Plaintiffs' requested relief will be mooted by the time their Motion is decided, as Plaintiffs' reply is due on November 12, the very day on which the extended

deadline they seek would fall. There is no relief to be had.

Regardless, Plaintiffs have not established extraordinary circumstances, or even good cause under Fed. R. Civ. P. 16(b)(4). Instead, Plaintiffs' litigation conduct has been characterized by delays and perpetual inattention to discovery. This is not a basis for extending discovery, let alone disrupting the jointly-proposed dispositive motion and trial dates. Plaintiffs' Motion to extend the discovery period for a second time should be denied in its entirety.

## BACKGROUND

On July 22, five months into the discovery period, Plaintiffs unilaterally sought an extension of all case deadlines without having propounded a single discovery request. The Court denied Plaintiffs' motion that same day. (ECF #50.) Plaintiffs initiated discovery only following the Court's denial. Since then, the parties have engaged in extensive discovery efforts, including written discovery, several rounds of document productions, and multiple 30(b)(6) depositions.

In the midst of this discovery flurry, on September 2, Plaintiffs filed a second opposed motion to extend the Court's pre-trial deadlines. (ECF #51.) Plaintiffs requested (1) a 60-day extension of the discovery deadline (on top of the seven months allotted in the Court's Scheduling Order), and (2) a 50-day extension of the dispositive-motion deadline, which the Court selected based on the parties' joint scheduling submission. (*Id.*) Plaintiffs' purported bases for this second extension request were that document productions had not been exchanged and MoonPay's Motion to Dismiss remains pending.[1] In reality, Plaintiffs' request was driven by its own delay and failure to commence discovery in a timely fashion, as MoonPay pointed out in its Opposition. (ECF #57.) Plaintiffs' urgency was evident in their improper ex parte call to the Court, where Plaintiffs' counsel conveyed that they "desperately" needed the extension they requested just two days earlier (not a week earlier, as Plaintiffs

---

[1] MoonPay filed a Motion to Dismiss the Amended Complaint on March 31, 2025. It is ripe for consideration, but remains pending. (ECF #45, #46, #47, #48.)

misrepresented to the Court).[2] (**Ex. A**, Sept. 4 email from Becerra, J. to counsel.)

Following Plaintiffs' second extension request, the parties jointly sought a discovery hearing before the Magistrate Judge, which took place on September 18. Each party was granted partial relief. Plaintiffs were ordered to amend several deficient discovery responses, and MoonPay was required to amend one discovery response and produce its 30(b)(6) witness for two hours of additional testimony. As a compromise, Judge Torres also ordered MoonPay to produce a subset of data requested by Plaintiffs relating to 2024 cryptocurrency transactions, the specifics to be worked out between the parties pursuant to a subsequent meet-and-confer.

Following the hearing, Plaintiffs dramatically expanded their request for data to include transactions that were never contemplated or ordered by Judge Torres. (**Ex. B,** Sept. 29 email from M. Sevilla-Sharon to M. Louden.) After conferring, MoonPay agreed to produce the expanded scope of data Plaintiffs sought, even though it was under no obligation to do so. (*Id.*, Oct. 8 email from M. Louden to M. Sevilla-Sharon.) MoonPay promptly produced the material on October 13, just three business days after the parties' agreement as to what would be produced. MoonPay revised its discovery response on October 25, and made its witness available for deposition on October 22. Plaintiffs did not revise their discovery responses until November 3.

Separately, on October 1, the Court ruled on Plaintiffs' second extension motion, denying the majority of Plaintiffs' requested relief—including their request to extend the November 21 dispositive motion deadline—but did grant a limited discovery extension until October 22. (ECF #66.) Despite their stated need for more discovery, Plaintiffs did nothing for the first two weeks of this extension period. Finally, on October 15, they issued a spate of new requests for material that either (1) had

---

[2] In response to Plaintiffs' improper communication, the Court emailed all counsel regarding the improper contact and directed the parties to the Scheduling Order's conspicuous admonition that the Court would not extend the November 21 dispositive motion deadline absent "**extraordinary circumstances**." (*Id.*, bold in original.)

3

never before been requested, or (2) Plaintiffs previously agreed not to pursue.  This new round of illicit, untimely discovery is the reason for Plaintiffs' instant Motion.

Now, Plaintiffs' Motion—their third formal request for an extension in this case—seeks an additional three weeks, until **November 12**, to conduct even more discovery.  Plaintiffs' reply will be due on November 12, the same date Plaintiffs would have the Court use as the new discovery deadline.  An extension would necessarily disrupt the November 21 dispositive-motion deadline (as well as the trial date), which MoonPay is even now preparing to meet by assembling its summary judgment papers.  MoonPay respectfully asks that the Motion be denied in its entirety.

## ARGUMENT

**A.     There Is No Basis for an Extension**

   1.     <u>Plaintiffs Identify No Good Cause to Support Another Extension.</u>

MoonPay has produced within the discovery period *everything* responsive to Plaintiffs' non-objectionable requests, including everything (and more) ordered by Judge Torres.  Despite MoonPay's efforts, on October 15—one week before the extended discovery deadline, and two weeks after receiving the requested extension—Plaintiffs sought to radically expand the scope of discovery without issuing formal discovery requests (as there would have been no time to do so).  These new requests, contained in an email from Plaintiffs' counsel, included demands for more transaction data for expanded criteria over a new extended time period, communications, and other information.  (**Ex. C,** Oct. 15 email from M. Sevilla-Sharon to M. Louden and T. Illes.)  Because they had again waited until the eleventh hour to seek new information, Plaintiffs requested yet another discovery hearing with Judge Torres on October 17, within 48 hours of their demand, without allowing MoonPay time to even respond to the new requests, let alone meet and confer as required under Local Rule 7.1.  (**Ex. C**, Oct. 17 email from M. Sevilla-Sharon to M. Louden; ECF #68.)  MoonPay opposed Plaintiffs' request for a hearing as unripe and untimely, and no hearing has been ordered.  (ECF #69.)  Their

discovery-hearing gambit having failed, Plaintiffs filed the Motion.

Plaintiffs' purported basis for the Motion appears to be that they need more time to pursue their October 15 discovery. (ECF #71.) But Plaintiffs cannot establish the requisite good cause needed to amend the Court's schedule because even if the newly-requested material were proper—which MoonPay strongly disputes—Plaintiffs have not been diligent and are in a position of their own making. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note) (the Rule 16 good cause standard which must be met for modification of a court's scheduling order "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.") Crucially, **there is no legitimate reason why Plaintiffs could not have brought their new requests during the parties' September 25 meet and confer, or at another earlier time,** and Plaintiffs do not articulate any.

Plaintiffs appear to contend that they could not have sought the new information until MoonPay produced transaction records on October 13. But Plaintiffs had all of the information they needed to make the new requests before and without this production. For example, Plaintiffs' new requests seek an expanded range of transaction data based on "variations in fees" which MoonPay told Plaintiffs about *nearly a month earlier* on September 17. (**Ex. D**, MoonPay's Response to Plaintiffs' Interrogatory No. 7.) Plaintiffs also appear to base their Motion on MoonPay's supposed "refus[al]" to disclose the identity of their business partners. (ECF #71 at 3.) This too is a fabrication. Plaintiffs chose not to seek this information when the parties negotiated the scope of MoonPay's production following the September 18 discovery hearing. (**Ex. E**, Sept. 25 email from M. Louden to M. Sevilla-Sharon and A. Braunstein.) As Plaintiffs admit, when their counsel elected to ask for this information at deposition, MoonPay's corporate representative freely disclosed it. (ECF #71.) In any event, Plaintiffs did previously seek communications between MoonPay and its partners and specifically agreed to narrow that request to a subset of relevant material. (**Ex. F**, Sept. 5 and Sept. 16 emails

5

between counsel.)  Plaintiffs' eleventh-hour decision to reprise their overbroad request is not a basis for extending discovery and delaying summary judgment and trial.

The Court's analysis should end here: Plaintiffs' lament that "the current discovery deadline [is] impractical" and that denial of an extension would "impair Plaintiffs' ability to prosecute their claims" would be immaterial even if it was true.  As explained above, it is not.  *See Sosa,* 133 F.3d at 1418 (if a party is not diligent, "the good cause inquiry should end"); *Rothfos Corp. v. H&H Coffee Investments, LLC*, No. 22-cv-24000, 2004 WL 4880908, at *5 (S.D. Fl. Sept. 3, 2024) (Becerra, J.) (the moving party's diligence, not prejudice, "is the touchstone of the Rule 16(b)(4) inquiry.")

2. <u>Plaintiffs Identify No Extraordinary Circumstance to Support Another Extension.</u>

Because Plaintiffs' requested extension would disrupt not only the expired discovery deadline but also dispositive motions and trial, Plaintiffs must show extraordinary circumstances, not merely good cause (as the Court has repeatedly noted).  (ECF #37; **Ex. A**.)  They cannot for all the reasons outlined above.  In effect, Plaintiffs are reprising their request to adjust subsequent case deadlines—and therefore to obtain the relief previously denied by the Court—using indirect means.  The Court should not permit this end-run, as Plaintiffs cannot identify any good cause, let alone extraordinary circumstances, to justify it.

B. **Plaintiffs' Motion Should Also Be Denied Because It Is Procedurally Deficient**

Even if Plaintiffs were able to establish extraordinary circumstances or, in the alternative, good cause for an extension (which they cannot), Plaintiffs' Motion does not comply with the Court's procedures regarding motions for extensions of time and should be denied on this independent basis as well. (ECF #18, Paperless Order Regarding Procedures.)

- **First,** Plaintiffs failed to comply with the requirement that, "Absent an emergency, motions for extensions of time must be filed **no later than three business days prior to the deadline** from which relief is being sought." (*Id.*, bold in original.)  Plaintiffs did not designate their Motion for either "emergency" or "expedited" consideration under Rule

6

7.1(d), and filed it at 10:11 p.m. EDT on the October 22 discovery deadline, not three days earlier as the Court requires. (**Ex. G**, Notice of Electronic Filing.)

- **Second**, Plaintiffs failed to comply with the requirement that, "All requests for extensions of time must include the conferral statement required under Local Rule 7.1." Local Rule 7.1(a)(2) requires in relevant part that the moving party certify that counsel either conferred with affected parties or made "reasonable" efforts to do so. L.R. 7.1(a)(2)(B). Plaintiffs' conferral statement reflects only that Plaintiffs' counsel attempted but failed to reach MoonPay's counsel after the close of business[3] on the very day the Motion was filed, which is per se unreasonable. Plaintiffs' representation that they were "aware" that MoonPay would oppose the requested extension is not a substitute. (ECF #71 at 4.)

- **Third**, Plaintiffs' Motion does not contain the required "statement as to whether the request impacts the deadline to file a dispositive motion or trial date." (ECF #18.) Clearly, as set forth above, the requested extension would require moving *both*. Thus, the extraordinary-circumstances standard applies.

## CONCLUSION

Plaintiffs have not established either extraordinary circumstances or good cause to justify another, last-minute extension of the discovery deadline that would unavoidably interfere with dispositive motions and trial. Moreover, Plaintiffs' Motion fails to comply with the Court's procedures for motions for extensions of time. Plaintiffs' Motion should be denied in its entirety.

---

[3] Plaintiffs' conferral statement lists their belated attempts to reach MoonPay's counsel on October 22 in Pacific time, ostensibly to give the illusion that Plaintiffs reached out during the business day. (ECF #71 at 4.) As Plaintiffs well know, this action is pending in a jurisdiction located in the Eastern, not Pacific, time zone.

Dated:  November 5, 2025                     Respectfully Submitted,

                                                    **BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

*s/Nicholas J. Secco*
Nicholas J. Secco (FL110091)
71 S. Wacker Dr., Ste. 1600
Chicago, IL 60606
Telephone: 312.212.4955
Facsimile:  312.767.9192
Email: nsecco@beneschlaw.com

Trevor J. Illes (*admitted pro hac vice*)
100 Pine Street, Ste. 3100
San Francisco, CA 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
Email: tilles@beneschlaw.com

Meggan A. Louden (*admitted pro hac vice*)
127 Public Square, Suite 3900
Cleveland, OH 44114
Telephone: 216.262.4465
Facsimile: 216.363.4500
Email: mlouden@beneschlaw.com

*Attorneys for Defendant MoonPay USA LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

                                                *s/Nicholas J. Secco*
                                                Nicholas J. Secco