UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.: 24-cv-24955-JB/Torres**

UNITED KING FILM DISTRIBUTION
(1990) LTD, *et al.*,

      Plaintiffs,

v.

MOONPAY USA LLC,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant MoonPay USA LLC's Motion to Dismiss, ECF No. [45], and supporting Memorandum of Law, ECF No. [46] (the "Motion"). Plaintiffs, United King Film Distribution (1990) LTD and Stream IL Communications Ltd., filed a Response in Opposition, ECF No. [47], and Defendant filed a Reply, ECF No. [48]. Upon due consideration of the Motion, the pertinent portions of the record, and the relevant authorities, and for the reasons explained below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

### I.     BACKGROUND

Plaintiffs are Israeli corporations who produce and distribute copyrighted movie and television content to paying subscribers throughout Israel and abroad by cable or satellite broadcasting and their own online platforms. ECF No. [40] ¶¶ 6–7. Defendant is a financial technology company whose platform allows users to convert regular currency into a cryptocurrency of their choice. *Id*. ¶¶ 10–11; ECF No. [46] at

8.   Plaintiffs allege that Defendant's platform serves as a payment platform for an illegal streaming service known as "Israel TV" that has misappropriated Plaintiffs' copyrighted content.  ECF No. [40] at 1–2, ¶¶ 8–10.

On November 15, 2024, Plaintiffs filed this action seeking damages for Defendant's alleged role in facilitating Israel TV's alleged misappropriation of Plaintiffs' copyrighted content.  *See generally* ECF No. [1].  On March 6, 2025, Plaintiffs filed their Amended Complaint that raises four claims: Count I for Contributory Copyright Infringement, Count II for violation of the Florida Deceptive and Unfair Trade Practices Act, Count III for "Interference with Economic Expectation," and Count IV for Negligence.  ECF No. [40] at 18–24.

Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that each count of the Amended Complaint fails to state a claim for relief.  *See generally* ECF No. [46].  As relevant to the Court's analysis, Defendant argues that Count III should be dismissed with prejudice because there is no recognized cause of action for "interference with economic expectation" under Florida law.  *Id.* at 22–24.  In their Response, Plaintiffs do not address Defendant's argument or otherwise attempt to show that Count III is a viable cause of action.  *See generally* ECF No. [47].  Indeed, Plaintiffs do not mention Count III anywhere in their Response.  *Id.*

2

## II.      LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to do so, a plaintiff must plead both a legitimate legal theory, and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (*quoting Twombly*, 550 U.S. at 555). On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## III.     ANALYSIS

Count III of the Amended Complaint purports to bring a claim for "Interference with Economic Expectation." ECF No. [40] ¶¶ 62–66. Plaintiffs allege that they had a "reasonable expectation of economic benefit from the fees it would receive from those wishing to use their services." *Id.* ¶ 62. Plaintiffs also allege that by allowing

3

users of Israel TV to utilize Defendant's payment platform to purchase subscriptions to Israel TV, Defendant "was engaged in independent and intentional misconduct." *Id.* ¶ 63.  Plaintiffs further allege that Defendant "intentionally interfered with Plaintiffs' economic expectation because it knew or should have known that users of [Israel TV] were using [Defendant's] platform," and Defendant "has chosen to keep benefitting by the fees received from [Israel TV], despite knowing that such fees were earned to the detriment of Plaintiffs." *Id.* ¶¶ 64–65.

In its Motion to Dismiss, Defendant argues that Florida law does not recognize a cause of action for "interference with economic expectation,"[1] and thus, Count III should be dismissed with prejudice.  *See* ECF No. [46] at 22–24.  Defendant also argues that even if Count III is construed as a claim for tortious interference with prospective economic advantage or business relationship—which is a recognized cause of action—Plaintiffs have not adequately alleged that claim.  *Id.*

Plaintiffs do not address Defendant's arguments in their Response and make no effort to demonstrate that Count III states a claim for relief.  *See generally* ECF No. [47].  Indeed, Plaintiffs offer no legal authority to establish that the allegations in Count III, whether titled "interference with economic expectation" or otherwise, constitute a legally cognizable claim under Florida law.  As such, not only is there no legal claim that can be alleged on this theory, Plaintiffs have also abandoned this claim.  *See Gent Row, LLC v. Truist Fin. Corp.*, No. 22-80684-CIV, 2022 WL 3682172,

---

[1] Given that Plaintiffs allege subject matter jurisdiction pursuant to 28 U.S.C. § 1332, ECF No. [40] ¶ 4, Florida substantive law governs here.

at \*2 (S.D. Fla. June 27, 2022) ("Plaintiff has abandoned these claims by failing to defend them in opposition to the Motion to Dismiss."); *Odyssey Marine Expl., Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 Fed. Appx. 890, 894 (11th Cir. 2013) (finding that the district court properly dismissed a claim with prejudice because it "is not a legally cognizable cause of action and would fail to state a claim even if more carefully drafted.").

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Count III of the Amended Complaint, and this Count is **DISMISSED WITH PREJUDICE**.

As for the remaining Counts addressed in the Motion, Counts I, II and IV of the Amended Complaint, the Court notes that Defendant has filed a Motion for Summary Judgment seeking judgment as a matter of law in its favor with respect to each.  ECF Nos. [82], [83].  Given that the Court now has a complete record before it on those Counts, the Court will address them under the summary judgment standard and by separate order.  Accordingly, Defendant's Motion to Dismiss as to Counts I, II, and IV of the Amended Complaint is denied without prejudice.

5

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. [46], is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's Motion to Dismiss as to Count III is **GRANTED**, and Count III of the Amended Complaint is **DISMISSED WITH PREJUDICE**.

2. Defendant's Motion to Dismiss as to Counts  I, II, and IV of the Amended Complaint is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of March, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**